IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE CROWDER, JR., <br> TDCJ NO. 703837, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM STEPHENS, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-14-1692 |

**MEMORANDUM OPINION AND ORDER**

TDCJ inmate Joe Crowder Jr. has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging a 19-year-old state-court conviction under 28 U.S.C. § 2254. The petition, which is his fourth one challenging the same state court conviction, will be dismissed as successive and untimely.

I.   **Procedural History and Claims**

Crowder is serving a 45-year sentence for aggravated robbery. After a jury found Crowder guilty of the charge, the trial court convicted and sentenced him in 1995. State v. Crowder, No. 655790 (182nd Dist. Ct., Harris County, Tex., Feb. 9, 1995). The Court of Appeals for the Fourteenth District of Texas affirmed the conviction. Crowder v. State, No. 14-95-00178-CR, 1997 WL 399405

(Tex. App. -- Houston [14th Dist.] July 27, 1997). The Texas Court of Criminal Appeals (CCA) refused Crowder's petition for discretionary review (PDR) on October 22, 1997. Id.

Crowder filed two applications for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure challenging his conviction. The first application was filed on November 11, 1996. See Harris County District Clerk Website, http://www.hcdistrictclerk.com/. The CCA dismissed the application on January 15, 1997, because Crowder's direct appeal was still pending. Ex parte Crowder, No. 32,828-01, see CCA website http://www.cca.courts.state.tx.us. Crowder filed his second state habeas application on August 10, 2011, and the CCA denied the application without a written order on October 12, 2011. Id.

Crowder filed a federal petition for a writ of habeas corpus challenging his conviction on November 15, 2011. The United States District Court for the Southern District of Texas dismissed the petition as untimely on February 6, 2013. Crowder v. Johnson, No. H-11-4130 (S.D. Tex. 2013). Crowder filed a notice of appeal, which the United States Court of Appeals for the Fifth Circuit dismissed because it too was untimely. Crowder v. Cockrell, No. 13-20285 (5th Cir. July 11, 2013). No petition for a writ of certiorari was filed. While the first federal habeas petition was pending Crowder filed a second federal habeas petition, which was dismissed as duplicative.

Crowder filed another federal petition for a writ of habeas corpus on August 29, 2013. The court dismissed the petition for lack of jurisdiction because it was a successive petition that had been filed without obtaining prior authorization from the Fifth Circuit. Crowder v. Stephens, No. 13-2550 (S.D. Tex. 2013). No notice of appeal was filed.

Crowder filed the current petition on June 13, 2014. He asserts that he is actually innocent of the crime and that he is falsely imprisoned (Petition, Docket Entry No. 1, p. 6). Crowder also contends that the evidence is insufficient because the complaining witness admitted that he lied and because no one actually witnessed the crime. Id.

## II. Successive Petition

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) this action is barred as a successive federal habeas challenge to a state-court conviction. 28 U.S.C. § 2244(b). Because of the court's prior dismissal on the merits, Crowder must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3). Like the petition for a federal writ of habeas corpus filed in Civil Action No. H-13-2550, there is no indication that the Fifth Circuit has granted permission for Crowder to file the present petition. Without such authorization this action must be dismissed for lack of jurisdiction. Williams v. Thaler, 602

F.3d 291, 301 (5th Cir. 2010); Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

### III. Statute of Limitations

In addition to being barred as successive, this action would be barred as untimely under the AEDPA because Crowder is challenging a conviction that was final more than sixteen years ago. See 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period for filing of § 2254 petition after conviction becomes final). His conviction became final on January 20, 1998, the last day he could have filed a petition for writ of certiorari. Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012).

Crowder's first state habeas application did not toll limitations because it was filed during the pendency of his direct appeal. See Larry v. Dretke, 361 F.3d 890, 894 (5th Cir. 2004). His second state habeas application, filed years after the one-year limitations period expired, did not toll limitations. Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013), citing Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Crowder's previous federal habeas petitions did not toll the limitations period. Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001) (petition for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of the AEDPA's tolling provision); Grooms v. Johnson, 208 F.3d 488 (5th Cir. 1999).

Crowder contends that he was subjected to disciplinary actions and that his correspondence with his appellate attorney was impeded (Petition, Docket Entry No. 1, p. 9). Crowder's argument does not entitle him to any relief because he has failed to demonstrate that he made a diligent effort to discover the alleged impropriety or that he was unreasonably prevented from seeking relief. Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013).

A habeas petitioner is usually given an opportunity to respond when the court screens a federal habeas petition and finds it to be untimely. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). The court finds that a response is not warranted in this case since Crowder's petition is successive as well as time-barred.

### IV. Certificate of Appealability (COA)

Before Crowder can appeal the dismissal of his petition, he must obtain a COA. 28 U.S.C. § 2253. In order to obtain a COA Crowder must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). A COA shall be denied because this action is clearly barred, and Crowder has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

## V.  Conclusion and Order

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2. The Motion for Appointment of Counsel (Docket Entry No. 2) is **DENIED** because there is no constitutional right to court-appointed counsel in a post-conviction proceeding. Williams v. Thaler, 602 F.3d 291, 308-309 (5th Cir. 2010).

3. A Certificate of Appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this the 25th day of June, 2014.

```
                    SIM LAKE
         UNITED STATES DISTRICT JUDGE
```